NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 1, 2014[*]
Decided May 1, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

DANIEL A. MANION, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-3835

| | |
|---|---|
| PAMELA J. HARRIS, *et al.*, | On Remand from the Supreme Court of |
|     *Plaintiffs-Appellants*, | the United States |
| | |
|     *v.* | No. 10 cv 02477 |
| | |
| BRUCE V. RAUNER, in his official capacity as Governor of the State of Illinois, *et al.*, | Sharon Johnson-Coleman, *Judge*. |
|     *Defendants-Appellees*. | |

**O R D E R**

When this case was last before us, we held that plaintiffs, providers of in-home care for people with disabilities or health problems, did not have a First Amendment right to refuse to pay certain fair-share fees to a union. *Harris v. Quinn*, 656 F.3d 692 (7th

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. See FED. R. APP. P. 34(a)(2).

Cir. 2011). This had the effect of affirming the district court's decision to dismiss Count I of the complaint, which presented claims on behalf of personal assistants to customers in the state's Rehabilitation Program. (Count II, which we note briefly below, asserted similar claims on behalf of customers in the state's Disabilities Program.) The Supreme Court then granted certiorari and concluded that our judgment had to be reversed in part and affirmed in part. *Harris v. Quinn,* 134 S. Ct. 2618 (2014). With respect to Count I, the Court held that the First Amendment does not permit a state "to compel personal care providers to subsidize speech on matters of public concern by a union that they do not wish to join or support." *Id.* at 2623. It concluded that the state's involvement in the terms and conditions of employment for the in-home personal assistants was not enough to make the state their employer. It stressed the customer's control of the assistant's location, training, day-to-day work, discipline, and other aspects of the employment relationship. That meant that this court's conclusion that the case was governed by *Abood v. Detroit Bd. Of Ed.,* 431 U.S. 209 (1977), was in error: *Abood* applies only to public-sector employees, and the Court declined to extend it to the circumstances presented in this case, where there is state involvement but fundamentally a private employment relationship. The Court thus reversed the decision to dismiss the claims of the plaintiffs who served customers in the Rehabilitation Program; it affirmed our ruling that the claims of plaintiffs who worked in the Disabilities Program (Count II) were not ripe. 134 S. Ct. at 2644 & n.30.

As required by Seventh Circuit Rule 54, the parties were given an opportunity to address the proper next steps in light of the Supreme Court's decision. They filed a joint statement, in which they recommended that (1) we reverse the district court's decision to dismiss Count I of the complaint and remand that part of the case for further proceedings consistent with the Supreme Court's opinion, and (2) we order the claims raised in Count II to be dismissed without prejudice. They also ask us to recognize that defendants-appellees Service Employees International Union (SEIU) Local 73 and American Federation of State, County and Municipal Employees (AFSCME) Council 31 are no longer defendants in the case. We agree with the parties that this is the appropriate way to respond to the Supreme Court's ruling.

In addition, there are some remaining questions about costs and fees. In keeping with the Joint Stipulation, we hereby award the Plaintiffs-Appellees 50% of their costs in this court pursuant to Circuit Rule 39. With respect to attorney's fees, we believe that the parties' first suggestion is preferable, namely, to include that issue in the matters remanded to the district court and to allow it to consider what fees Plaintiffs-Appellees

are entitled to recover for work done both in this court and before the Supreme Court. That proceeding may also include fees incurred for work done after remand.

In summary, we hereby REVERSE the district court's judgment dismissing Count I of the complaint; we REMAND the judgment dismissing Count II of the complaint so that the district court can modify it to be without prejudice; and we otherwise REMAND this case to the district court for further proceedings consistent with this order.